UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOLDY STERN,

                      Plaintiff,

          -against-

STATE UNIVERSITY OF NEW YORK,

                      Defendant.
-------------------------------------------------------------------X

ORDER

16-CV-5588 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

In this case, Plaintiff Goldy Stern brought various discrimination claims under federal and state law against the State University of New York ("SUNY-DMC"), Dilip Nath, Roy Sookhoo, and Stuart Clenman (collectively, the "State Defendants"); Pitts Management Associates, Inc. ("PMA"); and John Dooley. (See 2d Am. Compl. ("SAC") (Dkt. 81).) All defendants moved to dismiss all of Plaintiff's claims. (See Dooley Mot. to Dismiss (Dkt. 59); PMA Am. Notice of Mot. to Dismiss (Dkt. 63); State Defs. Notice of Mot. to Dismiss (Dkt. 65).) On September 30, 2018, the court dismissed all claims against PMA and Dooley, and dismissed all claims against the State Defendants except for certain claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and Section 504 of the Rehabilitation Act of 1984 (the "Rehabilitation Act"), 29 U.S.C. § 794, against SUNY-DMC. (See Sept. 30, 2018, Mem. & Order ("M&O") (Dkt. 84) at 47.)

Before the court is Plaintiff's motion to amend her complaint. (Oct. 24, 2018, Pl. Letter (Dkt. 89).) Plaintiff seeks leave to replead her claims of gender discrimination against SUNY-DMC with respect to her allegations of pay discrimination and failure to promote, and her claims of Title VII and Rehabilitation Act retaliation with respect to her allegations of failure to

1

promote. SUNY-DMC opposes Plaintiff's motion. (Nov. 16, 2018, SUNY-DMC Letter ("SUNY-DMC Opp'n") (Dkt. 91).) For the following reasons, Plaintiff's motion is GRANTED.

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend her pleading once as a matter of course within 21 days after service of the pleading, or 21 days after the service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Subsequent amendments can only be granted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[A] court should freely give leave [to amend] when justice so requires." Id.; accord Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). Although Rule 15(a)(2) is intended to set forth a "liberal" standard, Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016), the court may deny leave to amend for "good reason." Kreisler v. P.T.Z. Realty, L.L.C., 318 F.R.D. 704, 706 (S.D.N.Y. 2016). The court has "good reason" to deny leave to amend if the party opposing the amendment shows that the amendment (1) would be futile, (2) is undertaken in bad faith, (3) would cause undue delay, or (4) would cause undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

SUNY-DMC's opposition to Plaintiff's motion turns on the first factor: futility. (See SUNY-DMC Opp'n at 2-3.)[1] A proposed amended complaint is futile if it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009); see IBEW Local Union No. 58 Pension

---

[1] SUNY-DMC also argues that Plaintiff may not replead her failure-to-promote retaliation claim because the court supposedly dismissed this claim with prejudice. (See SUNY-DMC Opp'n at 1.) SUNY-DMC misreads the court's previous opinion in this case. The M&O stated, "Plaintiff's claims against SUNY-DMC are DISMISSED WITHOUT PREJUDICE, with the exception of her Title VII and Rehabilitation Act retaliation claims as set forth above." (M&O at 47.) This sentence means simply that all of Plaintiff's claims against SUNY-DMC, including her retaliation claims, were dismissed without prejudice, with the exception of the claims that the court did not dismiss.

2

Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015). Accordingly, the court "must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005). A proposed amendment is futile if it does not "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The party opposing leave to amend bears the burden of demonstrating that the amendment would be futile. Ho Myung Moolsan Co., 665 F. Supp. 2d at 250.

## II. DISCUSSION

### A. Pay Discrimination

The court previously dismissed Plaintiff's pay-discrimination claim because, while her complaint identified a direct male comparator, it did "not provide any information about the comparator's job responsibilities and how they relate to her own." (M&O at 19.) At that point, Plaintiff's pleadings did "not specify any job duties of the male comparator except that he, like Plaintiff, works in the RCAG and is responsible for supporting the Eagle mainframe system." (Id.) These allegations left the court "unable to conclude that Plaintiff is discriminated against with respect to her pay when compared to any male who performs substantially the same responsibilities as she does." (Id.) See EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 255 (2d Cir. 2014) (requiring a plaintiff alleging pay discrimination to "establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications").

In order to state a claim for pay discrimination under Title VII, the plaintiff must allege, among other elements, that she and the comparator "perform equal work on jobs requiring equal

3

skill, effort, and responsibility" and that their "jobs are performed under similar working conditions." Port Auth. of N.Y. & N.J., 768 F.3d at 254-55; see Belfi v. Prendergast, 191 F.3d 129, 139 (2d Cir. 1999). Courts generally should not dismiss pay-discrimination claims at the pleadings stage, see Lenzi v. Systemax, Inc., No. 14-CV-7509 (SJF), 2015 WL 6507842, at *5 (E.D.N.Y. Oct. 26, 2015), though such a step may be appropriate if the plaintiff's allegations are "vague, conclusory, and speculative," Bass v. World Wrestling Fed'n Entm't Inc., 129 F. Supp. 2d 491, 503 (E.D.N.Y. 2001). Courts often dismiss claims of pay discrimination where "the plaintiff simply alleges, with no supporting factual basis, that she was paid less than her male co-worker for the same or similar work." Hughes v. Xerox Corp., 37 F. Supp. 3d 629, 645 (W.D.N.Y. 2014).

Plaintiff proposes to add a number of facts describing a male comparator: Igor Soshnik, a member of the "Systems Operation Group." (See PTAC ¶ 140.) Although Plaintiff admits that she and Soshnik work in different groups, she claims that both of their groups "perform[] many of the same computer functions" and that employees in both groups must possess "substantially similar" "programming skills." (See id. ¶¶ 141-42.) SUNY-DMC claims that these repleaded allegations are insufficient to state a pay-discrimination claim because Plaintiff and Soshnik work in different departments and have "different duties." (SUNY-DMC Opp'n at 2-3.) Additionally, SUNY-DMC claims that Plaintiff's reliance on salary charts that show she was paid less than Soshnik actually undermines her claim, because these charts also show that a woman, Ms. "Jennifer C.," was paid more than both Plaintiff and Soshnik. (Id. at 3.)

SUNY-DMC has not met its burden of showing that Plaintiff's repleaded pay-discrimination claim could not survive a motion to dismiss. The PTAC states with specificity the identity of a male comparator who is paid more than she is, and sets forth that she and the

comparator work in supposedly substantially positions; this is more than a conclusory recitation of the elements of pay discrimination. Contrary to what SUNY-DMC states, the court did not foreclose Plaintiff from stating a pay-discrimination claim on the basis that she and a comparator work on the same mainframe computer. (See SUNY-DMC Opp'n at 2.) In the M&O, the court dismissed Plaintiff's pay-discrimination claim because she did not elaborate on the comparator's job duties beyond a rote statement that she and the comparator were "similarly situated." (M&O at 19.) Plaintiff seems to have satisfied the court's prior concerns by elaborating on the job duties of members of both the RCAD and the Systems Operations Group and specifying the requirements for working in each group. (See PTAC ¶ 142.) The fact that Plaintiff and Soshnik work in different departments is not, as SUNY-DMC claims, per se dispositive of her claim. Cf. Port Auth. of N.Y. & N.J., 768 F.3d at 255 ("[J]ob content and not job title or description is the central concern of a[ pay-discrimination] claim." (internal quotation marks omitted)). SUNY-DMC may also be correct that salary charts submitted to the EEOC show that Plaintiff and Soshnik were both paid less than Jennifer C., a woman holding the same salary grade, but this fact cannot by itself foreclose Plaintiff's pay-discrimination claim at the motion-to-dismiss stage. See Heinemann v. Howe & Rusling, 529 F. Supp. 2d 396, 415 (W.D.N.Y. 2008) ("To make out her prima facie case, plaintiff must show that [defendant] paid at least one male employee higher wages than it paid plaintiff. . . ." (emphasis added)).

Taken together, Plaintiff's repleaded pay-discrimination allegations are sufficient for purposes of Rule 15(a)(2). Plaintiff seems to have pleaded the elements of a prima facie case of pay discrimination such that the question of whether or not she and Soshnik work in "substantially similar" jobs is one for the jury—or, at least, inappropriate for resolution on a motion to dismiss. See McNutt v. Nasca, No. 10-CV-1301, 2013 WL 209469, at *9 (N.D.N.Y.

5

Jan. 17, 2013) (citing Lavin-McEleney v. Marist Coll., 239 F.3d 476, 480 (2d Cir. 2001)). SUNY-DMC may still move to dismiss this claim if it feels that the elements of Rule 12(b)(6) are not satisfied and that extended briefing would make that clear, but at this point it suffices to say that SUNY-DMC has not met its burden of showing that this claim could not survive a motion to dismiss.

B.  **Failure to Promote**

In the M&O, the court held that Plaintiff had not established "that she was qualified for the [Project Manager] position, nor . . . shown that she was subject to disparate treatment compared to similarly situated persons." (M&O at 22.) As to the qualification element, the court faulted Plaintiff for "simply stat[ing] that she was 'qualified for the position,'" rather than "set[ting] forth the qualifications expected of applicants for the Project Manager position or what relevant skills she had that made her qualified for the position." (Id. (quoting SAC ¶ 175).) As to the disparate-treatment element, the court found that Plaintiff's statements "that Clenman 'is a male who does not suffer from any disability' and that Plaintiff 'was . . . more qualified for the position'" fell well short of what is needed to survive a motion to dismiss. (Id. at 23 (alteration in original) (quoting SAC ¶¶ 174-75).) The court also dismissed Plaintiff's claims of retaliation based on the alleged failure to promote because she had not made a showing that she was qualified for the position, and thus her failure-to-promote allegation "[did] not constitute an adverse employment action for retaliation purposes." (Id. at 37.)

Plaintiff's proposed amendments regarding her failure-to-promote claims—both alleging discrimination and retaliation—are permissible. At this juncture, SUNY-DMC has not carried its burden of establishing that Plaintiff will not be able to state a claim on which relief can be granted on this ground. SUNY-DMC's opposition rests almost entirely on the fact that, in 2015,

SUNY-DMC chose to promote a woman over Plaintiff. (See SUNY-DMC Opp'n at 2.) But as discussed in the M&O, Plaintiff only alleges that SUNY-DMC exhibited gender discrimination by failing to promote her to the Project Manager position in 2016; the incident to which SUNY-DMC is referring was the basis for Plaintiff's dismissed <u>religious</u>-discrimination claim. (See M&O at 22 ("[T]he only sex-based failure to promote she alleges is SUNY-DMC's decision not to appoint her to the Project Manager position for which she applied in June 2016.").) SUNY-DMC says nothing else to persuade the court that Plaintiff has not sufficiently pleaded a claim of failure to promote based on the allegations in the PTAC. The court further notes that the PTAC contains an extensive list of qualifications for the Project Manager position and sets forth how Plaintiff was qualified (see PTAC ¶¶ 78-79), and further claims that Clenman did not have the required qualifications and that Plaintiff was more qualified than he was (see id. ¶¶ 80-81). SUNY-DMC has not shown the court that these additional allegations do not address the shortcomings previously identified in the M&O.

\* \* \*

Finally, the court sets forth its understanding that certain of the PTAC's amended allegations do not relate to the claims for which Plaintiff has stated a claim for relief or which she now seeks to replead. (See SUNY-DMC Opp'n at 1-2.) At a pre-motion conference on November 19, 2018, the court instructed Plaintiff's counsel that her amended pleading—including its factual allegations—must be as "focused" as possible. (See Nov. 19, 2018, Min. Entry.) When submitting her third amended complaint, therefore, Plaintiff is cautioned to include only the allegations necessary to support her remaining claims for relief.

7

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the complaint (Dkt. 89) is GRANTED. Plaintiff is DIRECTED to file her third amended complaint, with the adjustments set forth in this order, by no later than November 30, 2018. If SUNY-DMC wishes to move to dismiss these repleaded counts, it must confer with Plaintiff and submit a proposed briefing schedule to the court by no later than December 7, 2018. If, however, SUNY-DMC does not wish to move to dismiss these repleaded counts, the parties should contact Magistrate Judge Lois Bloom regarding a schedule for discovery.

SO ORDERED.

Dated: Brooklyn, New York
November 20, 2018

S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge